Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Rahil Khosroabadi

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rahil Khosroabadi<br><br>Plaintiff,<br><br>v.<br><br>Wasserman-Kornheiser LLP;<br>Associated Professional Services;<br>and Greystone at Eastlake Vistas<br>Homeowners Association<br><br>Defendants. | Case Number: 10 CV 2214 JM BGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

ORIGINAL

## INTRODUCTION

1. Rahil Khosroabadi, through Ms. Khosroabadi's attorneys, brings this action to challenge the actions of Wasserman-Kornheiser LLP; Associated Professional Services; and Greystone at Eastlake Vistas Homeowners Association, with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Ms. Khosroabadi, and this conduct caused Ms. Khosroabadi damages.

2. Ms. Khosroabadi makes these allegations on information and belief, with the exception of those allegations that pertain to Ms. Khosroabadi, or to Ms. Khosroabadi's counsel, which Ms. Khosroabadi alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

11. Ms. Khosroabadi is a natural person who resides in the City of Chula Vista, State of California.

12. Defendants are located in the County of San Diego, in the State of California.

13. Ms. Khosroabadi is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Ms. Khosroabadi is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Ms. Khosroabadi, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. Sometime before June 25, 2010, Ms. Khosroabadi is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before June 25, 2010, Ms. Khosroabadi allegedly fell behind in the payments allegedly owed on the alleged debt. Ms. Khosroabadi currently takes no position as to the validity of this alleged debt.

22. Subsequently, but before June 25, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Associated Professional Services for collection.

23. On or about June 25, 2010, Defendant Associated Professional Services mailed a dunning letter to Ms. Khosroabadi.

24. A few days later, Ms. Khosroabadi received that letter.

25. This communication to Ms. Khosroabadi was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27. Defendant Associated Professional Services failed within five days after its initial communication with Ms. Khosroabadi, to provide written notification

containing a statement that unless Ms. Khosroabadi, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant Associated Professional Services would assume the debt was valid, or failed within five days after its initial communication with Ms. Khosroabadi to provide a written notice containing a statement that if Ms. Khosroabadi notified Defendant Associated Professional Services in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant Associated Professional Services would obtain verification of the debt or a copy of a judgment against Ms. Khosroabadi and a copy of such verification or judgment would be mailed to Ms. Khosroabadi by Defendant Associated Professional Services and that Defendant Associated Professional Services would provide Ms. Khosroabadi with the name and address of the original creditor. This omission by Defendant Associated Professional Services violated 15 U.S.C. § 1692g.

28. Because this omission violated the language in 15 U.S.C. § 1692g, Defendant Associated Professional Services also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

29. In this letter, Defendant Associated Professional Services was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant Associated Professional Services violated 15 U.S.C. § 1692f(1), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

30. In this June 25, 2010 letter, Defendant Associated Professional Services threatened foreclosure on Ms. Khosroabadi's property if Ms. Khosroabadi did not pay the amount demanded by Defendant Associated Professional Services.

31. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

32. Subsequently, but before October 7, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Wasserman-Kornheiser LLP for collection.

33. The the acts and omissions of Wasserman-Kornheiser LLP are imputed on Greystone at Eastlake Vistas Homeowners Association under the legal doctrine of vicariously liable as Wasserman-Kornheiser LLP was legal counsel to, and acting at the direction of, Greystone at Eastlake Vistas Homeowners Association when those acts and omissions occurred.

34. On or about October 7, 2010, Defendant Wasserman-Kornheiser LLP mailed a dunning letter to Ms. Khosroabadi. A few days later, Ms. Khosroabadi received that letter.

35. This communication to Ms. Khosroabadi was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

36. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

37. Defendant Wasserman-Kornheiser LLP, a third party debt collector, failed, in the first written notice initially addressed to Ms. Khosroabadi's California address in connection with collecting the alleged debt by Defendant Wasserman-Kornheiser LLP, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Ms. Khosroabadi as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702,

this omission by Defendant Wasserman-Kornheiser LLP violated the Rosenthal Act.

38. In this initial communication to Ms. Khosroabadi, Defendant Wasserman-Kornheiser LLP demanded a sum of $2,304.03.

39. Through this conduct, Defendant Wasserman-Kornheiser LLP was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant Wasserman-Kornheiser LLP violated 15 U.S.C. § 1692f(1), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

40. In this October 7, 2010 letter, Defendant Wasserman-Kornheiser LLP threatened foreclosure on Ms. Khosroabadi's property if Ms. Khosroabadi did not pay the amount demanded by Defendant Wasserman-Kornheiser LLP.

41. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

42. Subsequently, in a letter to Ms. Khosroabadi's legal counsel on or about October 20, 2010, Defendant Wasserman-Kornheiser LLP demanded a sum of $2,667.56.

43. Through this conduct, Defendant Wasserman-Kornheiser LLP was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant Wasserman-Kornheiser LLP violated 15 U.S.C. § 1692f(1), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

# CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

44. Ms. Khosroabadi repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Ms. Khosroabadi is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

47. Ms. Khosroabadi repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

49. As a result of each and every violation of the Rosenthal Act, Ms. Khosroabadi is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Khosroabadi prays that judgment be entered against Defendant, and Ms. Khosroabadi be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Ms. Khosroabadi is entitled to, and demands, a trial by jury.

Respectfully submitted,

Hyde & Swigart

Date: October 25, 2010

By: /s/ Robert L. Hyde
Attorneys for Ms. Khosroabadi

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019648
Cashier ID: mbain
Transaction Date: 10/26/2010
Payer Name: HYDE AND SWIGART
----------------------------------
CIVIL FILING FEE
 For: KHOSROABADI V WASSERMAN KORNHE
 Case/Party: D-CAS-3-10-CV-002214-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 4174
 Amt Tendered: $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rahil Khosroabadi

**DEFENDANTS**
Wasserman-Kornheiser LLP; Associated Professional Services; and Greystone at Eastlake Vistas Homeowners

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

'10 CV 2214 JM - BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 490 Cable/Sat TV |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C § 1692 et seq
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.01
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/25/10
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 19648 AMOUNT $350 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MB 10-26-10

ORIGINAL